UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | Case No. 08bk02284 |
| STEPHEN R. POPIELEWSKI | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO ANDREW J. MAXWELL, ESQ., ATTORNEY FOR TRUSTEE, FOR
ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES

| TOTAL FEES REQUESTED: | $ 9,221.50 | TOTAL COSTS REQUESTED: | $ 21.62 |
| TOTAL FEES REDUCED: | $ 2,786.03 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 6,435.47 | TOTAL COSTS ALLOWED: | $ 21.62 |

TOTAL FEES AND COSTS ALLOWED: $ 6,457.09

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(1)     Unreasonable Time – TOTAL of disallowed amounts: $ 2,786.03

The Court denies the allowance in part of compensation for the indicated task(s) since the professional or paraprofessional expended an unreasonable amount of time on the task(s) in light of the nature of the task(s), the experience and knowledge of the professional performing the task(s), and the amount of time previously expended by the professional or another on the task(s). *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (Squires, J.) (compensation limited to 5%). *See also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

     In this case, Counsel requested compensation for 132.1 hours for all categories over the course of the case. Of the total time requested, 15.0 hours or 11.36% was spent on the preparation of fee applications. Pursuant to the local standard, the court disallows compensation for preparation of fee applications in excess of 6.6 hours, using the average rate in this category ($331.67).

Dated: _____ , 2014

                                             Timothy A. Barnes
                                             United States Bankruptcy Judge

13 JAN 2015